**CARPENTER, HAZLEWOOD,
DELGADO & BOLEN, LLP**
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282-5691
P. 480-427-2800; F. 480-427-2801
minuteentries@carpenterhazlewood.com
(Jonathan D. Ebertshauser - SBN 031689)
jonathane@carpenterhazlewood.com
(Ember Van Vranken – SBN 035594)
emberv@carpenterhazlewood.com
BRITGLOBAL.IQDATA.51
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda N. Jernigan, | **CASE NO.: 4:21-cv-00307-SHR** |
| Plaintiff(s), | |
| vs. | **RULE 11 MOTION FOR SANCTIONS** |
| IQ Data International, Inc., | **(Assigned to the Honorable Scott H. Rash)** |
| Defendant. | |

Defendant I.Q. Data International, Inc. ("IQ Data"), by and through undersigned counsel, moves this honorable Court for sanctions against Plaintiff, Amanda Jernigan ("Plaintiff"), and her counsel, pursuant to Federal Rule of Civil Procedure 11 for filing a complaint that contains allegations Plaintiff and counsel knew were unfounded. On July 30, 2021, Plaintiff filed her Complaint and served the same on IQ Data on August 23, 2021. IQ Data files this Rule 11 Motion

for Sanctions ("Motion") based on the complete lack of evidentiary support for the Complaint and because the intent for filing the Complaint is to harass.

## I.     **Background**

Plaintiff's Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"). *See* Complaint at paragraph 1. Specifically, Plaintiff alleges that: a) IQ Data called Plaintiff in excess of twenty (20) times after Plaintiff requested that the calls cease and b) that during the calls Plaintiff indicated that she could not make payments at the time and c) IQ Data informed Plaintiff that she owed a balance of approximately $8,000.00.  *Id.* at paragraphs 13-17. However, prior to the Answer deadline, counsel for IQ Data contacted counsel for Plaintiff to present Fed. R. Civ. P. 11 concerns regarding the veracity of the Complaint. *See* Letter dated September 8, 2021, attached hereto as **Exhibit A** and incorporated herein by reference.

Thereafter, counsel for Plaintiff and counsel for IQ Data communicated through telephone calls and email regarding the same. *See* emails attached hereto as **Exhibit B** and incorporated herein by reference. Specifically, counsel for IQ Data directly informed Plaintiff's counsel that the allegations within the Complaint could not be supported by any evidence because, during the three (3) brief calls that were connected between IQ Data and Plaintiff, Plaintiff did not request that calls cease. *See* **Exhibit A** and **Exhibit B**.  In fact, Plaintiff did not say a single word on any call after identifying herself to IQ Data's agent, and each call was less than thirty seconds in length. *See* call recordings included as an attachment to the document labeled as **Exhibit C**, which is incorporated herein by reference.

CARPENTER HAZLEWOOD
Carpenter, Hazlewood, Delgado & Bolen
ATTORNEYS AT LAW

Moreover, on September 13, 2021, counsel for IQ Data provided to counsel for Plaintiff recordings of the three referenced calls between Plaintiff and IQ Data as proof that 1) Plaintiff did not request that the calls cease, 2) fewer than twenty (20) calls were connected, and 3) IQ Data identified the balance of the debt as $6,736.24.  *See* **Exhibit A**; **Exhibit B**; and **Exhibit C**. Despite this obvious and undisputed proof that the claims alleged in the Complaint do not have any evidentiary basis, Plaintiff and her counsel refused to voluntarily dismiss the Action before an Answer was filed.

Additionally, on October 4, 2021, IQ Data provided its Fed. R. Civ. P. 26 Initial Disclosure Statement along with the Work Card relating to Plaintiff's account, which includes a record of all of the calls placed by IQ Data in relation to Plaintiff. *See* the Work Card attached hereto as **Exhibit D** and incorporated herein by this reference. Furthermore, in conformance with Fed. R. Civ. P. 11, IQ Data originally served this Motion on Plaintiff more than twenty-one (21) days prior to filing this Motion with the Court.  *See* Certificates of Service attached hereto as **Exhibit E** and incorporated herein by reference.  Nevertheless, to date Plaintiff and her counsel continue to refuse to enter into a stipulated dismissal of the matter.

## II.    Legal Argument

### A. Fed. R. Civ. P. 11 sanctions are the appropriate remedy against Plaintiff and counsel for filing and advocating baseless pleadings.

Fed. R. Civ. P. 11 requires that "the claims . . . and other legal contentions are warranted by [law]," and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery." Fed. R. Civ. P. 11(b)(2) & (3).  Fed. R. Civ. P. 11 also prohibits the filing of cases "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). In the Ninth Circuit, a pleading is subject to sanctions under Fed. R. Civ. P. 11 if: (1) "it is legally or factually baseless from an objective perspective," and (2) "the attorney has not conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir.2005) *quoting Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.2002) (internal quotations and citation omitted). Both a party and the party's counsel (i.e., the attorneys and their firm) may be sanctioned for violating Fed. R. Civ. P. 11. Fed. R. Civ. P. 11(c)(1).

Plaintiff's allegations in the Complaint that 1) during a call with IQ Data, Plaintiff requested that the calls cease; 2) in excess of twenty (20) calls were made by IQ Data after such request; 3) Plaintiff communicated during a call that she could not make payments at that time; and 4) IQ Data communicated that Plaintiff owed approximately $8,000.00, are all demonstrably false – and known to be false by Plaintiff and counsel. Moreover, IQ Data specifically provided evidence to counsel for Plaintiff to prove the falsity of the statements contained within the Complaint. Notwithstanding such production, Plaintiff and her counsel have refused to take any action to cure the false allegations contained therein. Therefore, the Complaint is factually baseless from an objective perspective. Additionally, because no evidence exists to support the false allegations, Plaintiff's counsel could not have completed a reasonable or competent inquiry before filing the Complaint and continued to ignore these obligations even after receiving a

disclosure in support of Defendant's position. Therefore, an award of sanctions against Plaintiff and her counsel is appropriate, if not mandatory, under Fed. R. Civ. P. 11(c).

**B. Fed. R. Civ. P. 11 sanctions are the appropriate remedy against Plaintiff and counsel to deter abuses of the judicial process.**

The main provision of Federal law designed to deter frivolous filings is Fed. R. Civ. P. 11. The focus of Fed. R. Civ. P. 11 is to emphasize the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer plausible. *Young v. Corbin*, 889 F. Supp. 582, 585 (N.D.N.Y.1995). The United States Supreme Court makes clear that the objective of Fed. R. Civ. P. 11 is to deter baseless filings and curb abuses. *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 537 (1991); *See* Fed. R. Civ. P. 11(b)(1) (allowing sanctions for filings that "harass, cause unnecessary delay, or needlessly increase the cost of litigation"); *Gomez v. Vernon,* 255 F.3d 1118, 1133–34 (9th Cir. 2001) (imposing inherent power sanctions for counsel's abusive tactics that resulted in unnecessary litigation).

Because the basis of the Plaintiff's claims materially depends on demonstrably false allegations, the only cognizable purpose for filing a Complaint with such false representations is to attempt to force IQ Data to settle the litigation based on the inherent expenses associated with defending against the claims raised. Consequently, Fed. R. Civ. P. 11 sanctions are proper to deter filings that are intended to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

CARPENTER HAZLEWOOD
Carpenter, Hazlewood, Delgado & Bolen
ATTORNEYS AT LAW

"If, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).  The sanction may include reasonable attorney fees, including attorney fees incurred for the motion. Fed. R. Civ. P. 11(c)(2) and Fed. R. Civ. P. 11(c)(4).

**C. Fed. R. Civ. P. 11 sanctions are the appropriate remedy when the offending party is provided the 21-day grace period before a motion is filed.**

Under Fed. R. Civ. P. 11(c)(2), a party is entitled to a twenty-one (21) day period following service of a motion for sanctions, to withdraw an offending pleading before it can be the subject of a sanctions award. IQ Data served this Motion on Plaintiff by email, hand delivery, and United States mail more than twenty-one (21) days before filing this Motion. See **Exhibit E**. Although IQ Data served this Motion on Plaintiff, Plaintiff has failed to cure the violation of Fed. R. Civ. P. 11. Therefore, Fed. R. Civ. P. 11 sanctions are appropriate because Plaintiff's twenty-one (21) day safe-harbor period has expired and Plaintiff has failed to cure the violation.

### III. <u>Conclusion</u>

For the reasons set forth above, IQ Data respectfully requests that this Motion be granted and that the Court enter Orders granting appropriate sanctions in the form, inter alia, of an award of IQ Data's attorney fees and costs incurred in connection with Plaintiff's Complaint, including but not limited to the filing and argument of this Motion as well as an order requiring that Plaintiff withdraw or cure the Complaint, along with any further sanctions deemed necessary or appropriate by the Court to prevent future meritless filings from Plaintiff or her counsel.

RESPECTFULLY SUBMITTED this 26th day of October, 2021.

**CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP**

By:  /s/ Ember Van Vranken
Jonathan D. Ebertshauser, Esq.
Ember Van Vranken, Esq.
1400 E. Southern Ave. Suite 400
Tempe, Arizona 85282
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Victor T. Metroff, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
vmetroff@sulaimanlaw.com
*Attorney for the Plaintiff*

By: /s/ Theresa Laubenthal

# EXHIBIT A

## CARPENTER HAZLEWOOD
### Carpenter, Hazlewood, Delgado & Bolen
ATTORNEYS AT LAW

**PHOENIX AREA**
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282-5691
T 480-427-2800
F 480-427-2801

**Ember Van Vranken, Esq.**
*Licensed in Arizona*
Emberv@carpenterhazlewood.com
Direct: 480-427-2884

September 8, 2021

## VIA CERTIFIED MAIL, FIRST CLASS MAIL, AND EMAIL
(vmetroff@sulaimanlaw.com)

Victor T. Metroff
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148

> **Re:  Jernigan v. IQ Data; 4:21-CV-00307-SHR**
> **Demand for Dismissal**

Dear Victor:

This law firm has been retained to represent the interests of IQ Data International, Inc. ("IQ Data") in the above-referenced case.  Our firm has reviewed this file and it is overwhelmingly apparent that there is no evidence in support of the claims raised in the Complaint.  Accordingly, this correspondence serves as your final opportunity to cure the deficient filing **through the immediate dismissal of the Complaint with prejudice**. By this letter, IQ Data hereby demands that **dismissal be filed before Friday, September 10, 2021.**

As you know Fed. R. Civ. P. 11 requires that:

an attorney . . . certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**:
(1) **it is not being presented for any improper purpose, such as to harass**, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP
BRITGLOBAL.IQDATA.51
September 8, 2021
Page 2

(3) **the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The lack of evidentiary support and the gross misstatements of the facts in the Complaint are a clear indication that you have failed to fulfill your obligations in reviewing the facts of this matter before initiating litigation. As a result, there can be no dispute that the Complaint has been filed with an improper purpose of harassing our client and needlessly increasing the costs of litigation. Frankly, we are surprised that your office filed this Complaint in light of the entirely meritless allegations raised therein, the lack of evidence to support those allegations, and the blatant misstatements of the facts.

We appreciate your anticipated cooperation with this demand and I welcome you to contact me directly with any questions. However, please be advised that in the event that that your client fails to dismiss this action with prejudice before the deadline set forth herein, IQ Data intends to vigorously defends against the meritless claims and will seek any and all appropriate sanctions associated therewith.

Sincerely,

Ember Van Vranken, Esq.
for
CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP

# EXHIBIT B

| | |
|---|---|
| **From:** | Ember Van Vranken |
| **To:** | "Victor Metroff" |
| **Cc:** | Jonathan Ebertshauser; Theresa Laubenthal; Mohammed Badwan; Michelle Barry |
| **Subject:** | RE: Jernigan v. IQ Data - Call recordings |
| **Date:** | Monday, September 13, 2021 2:11:00 PM |

Hi Victor,

We were hopeful a quick review of the 3 call recordings that are less than 2 minutes in total would be sufficient to show that there is no evidence or basis to support the claims in the complaint. We have not received authority to extend the Answer deadline from our client.  Thus, at this time, we plan t file the answer if w to not  receive confirmation that the matter will be dismissed today. If we do receive authority, then we will provide you an update. Please note that because these calls further support that there is no evidence to support the allegations in the complaint, if we file the Answer, we may move forward with a Rule 11 Motion.

Sincerely,

Ember

---

**From:** Victor Metroff <vmetroff@sulaimanlaw.com>
**Sent:** Monday, September 13, 2021 1:32 PM
**To:** Ember Van Vranken <Ember.VanVranken@carpenterhazlewood.com>
**Cc:** Jonathan Ebertshauser <JonathanE@carpenterhazlewood.com>; Theresa Laubenthal <theresa@carpenterhazlewood.com>; Mohammed Badwan <mbadwan@sulaimanlaw.com>; Michelle Barry <mbarry@sulaimanlaw.com>
**Subject:** RE: Jernigan v. IQ Data - Call recordings

Good afternoon Ember,

Thank you for providing. The time frame of 2:00 p.m. mountain standard time does not provide enough time to be able to confer with our client and review the documents provided. We have reached out to our client and have not been able to connect yet.   As discussed on Friday, there is no objection to extending the time to response to answer deadline by 14 or 21 days.

As soon as we have an opportunity to confer with our client we will be in contact in short order.

Thank you.

Victor T. Metroff
Sulaiman Law Group, Ltd.
Attorneys At Law
2500 S. Highland Ave.
Suite 200

Lombard, Illinois 60148
Phone (630) 575 – 8181

Direct Line (331) 307-7646
Fax (630) 575 - 8188

**Website:  AtlasConsumerLaw.com**

**CONFIDENTIALITY**: The information contained in this e-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and contains confidential information intended only for use by the specified individual(s) and/or entity(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error and any review, dissemination, copying or the taking of any action based on the contents of this communication and/or attached documents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or email and delete the original message without making a copy. This message, together with any attachments, is intended for the use of the individual or entity to which it is addressed and contains information that is **LEGALLY PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE**.

**NOT LEGAL ADVICE:** If you are not an existing client of Sulaiman Law Group, Ltd., do not construe anything in this e-mail to make you a client of Sulaiman Law Group, Ltd.  Any information in this communication is for discussion purposes only, and is not offered as legal advice. There is no right to rely on the information contained in this communication and **no attorney-client relationship is formed**.
**CIRCULAR 230 DISCLAIMER:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax related matter(s) addressed therein.

**From:** Ember Van Vranken <Ember.VanVranken@carpenterhazlewood.com>
**Sent:** Monday, September 13, 2021 3:02 PM
**To:** Victor Metroff <vmetroff@sulaimanlaw.com>
**Cc:** Jonathan Ebertshauser <JonathanE@carpenterhazlewood.com>; Theresa Laubenthal <theresa@carpenterhazlewood.com>
**Subject:** Jernigan v. IQ Data - Call recordings

Good afternoon,

Per our discussion last week attached are the three call recordings for this matter. Because these calls are all less than thirty seconds, we are hopeful that you may be able to provide a prompt reply with regard to the demand for dismissal before 2:00 PM Mountain Standard Time as we plan to file the Answer for this matter at that time.

Also, our client has indicated its intent to move forward with collection for the underlying debt. Will you be representing Ms. Jernigan in this regard and be permitted to accept service for such action?

Thank you,

**Ember Van Vranken**, Esq.
Direct: 480-427-2884
Ember.VanVranken@carpenterhazlewood.com
Licensed in AZ

**CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP**
www.carpenterhazlewood.com
800.743.9324        F: 800.743.0494
Arizona | Colorado | Texas

The information in this e-mail is ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL and is intended solely for the use by the individual or entity named above. If you believe that it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete it.

This firm is a debt collector. Any information obtained will be used for that purpose.

# EXHIBIT C

8723435_OUT-5205998668-UNKNOWN-20210715-091508-1626365708.129139

Call Recording



8723435_OUT-5205998668-UNKNOWN-20210528-095351-1622220831.2118587

Call Recording



8723435_OUT-5205998668-UNKNOWN-20210504-150542-1620165942.1353210

Call Recording

# EXHIBIT D

```
ALEDFWKC 08/10/21  15:37:00    Print Debtor Work Card            PAGE  1
Clt AVENTURA APTS (AZ)                     Ac# IQD  WEI155 0008723435
Rf# 60310*2072*T0785608
Nm1 JERNIGAN,AMANDA            Desk   004 Sts  PHN Assignd        6736.24
Nm2                           Assigned   05/03/21 PrincDue        6736.24
Adr 2901 N SWAN RD            L/Charge   03/08/21 In  .00 %           .00
                             L/Paymnt            Attorney            .00
     TUCSON, AZ 85712-1222    L/Letter   08/05/21 Court              .00
PhN 520-599-8668             L/Worked   08/05/21 Other              .00
                             L/Trust             JudInt             .00
                             N/Review   08/05/21 Misc               .00
Msg                                             CntgcyFe            .00
                                                Tot Due        6736.24
                                                Tot Paid            .00
------------------------------------ HISTORY -----------------------------------
Date     Time  Uid Description               CR Dsk NxtRv Txt NextLtr Sts
-------- ----- --- ----------------------- -- --- ----- --- ------- ---
05/03/21 14:57 SAA New Assignment             Y 955 05/03     1 05/03 NEW
05/03/21 15:04 SAA SCANNED MISC CORRESPONDENCE Y 955 05/03             NEW
    ATTACHED MISCELLANEOUS DOCUMENTS TO THIS ACCOUNT,  PLEASE REVIEW
05/03/21 15:05 SAA SCANNED MISC CORRESPONDENCE Y 955 05/03             NEW
    ATTACHED MISCELLANEOUS DOCUMENTS TO THIS ACCOUNT,  PLEASE REVIEW
05/03/21 15:51 NSS FIX CREDIT REPORTING       Y 955 05/03             NEW
      #TF="Y" #T1=" " #T2=" " #T3=" " #T4=" " #LW="000000"
    UPDATED CREDIT REPORTING
05/03/21 16:42 HIL Dsk Chg:955 To HGH         Y HGH 05/03     1 05/03 NEW
05/03/21 16:42 HIL Desk Reassignment          Y HGH 05/03     1 05/03 NEW
05/03/21 16:45 VCS Ltr to 01 INITIAL NOTICE-DBTR 1 Y HGH 05/03 R01 2 05/03 NEW
05/03/21 16:45 VCS Ltr/Ser Completed          Y HGH 05/03             NEW
05/04/21 00:40 DH  Dsk Chg:HGH To 004         Y 004 05/03             NEW
05/04/21 00:40 DH  Desk Reassignment          Y 004 05/03             NEW
05/04/21 10:34 NJF CML-CHECKED MATCH LIST     Y 004 05/04             NEW
    CML-CHECKED MATCH LIST
05/04/21 10:35 NJF THN-PHONE HOME#, NO MSG LEFT Y 004 05/04           NEW
    THN-PHONE HOME#, NO MESSAGE LEFT
      8668
05/04/21 13:37 NJF THN-PHONE HOME#, NO MSG LEFT Y 004 05/04           NEW
      520 599 8668
    THN-PHONE HOME#, NO MESSAGE LEFT
05/04/21 13:38 NJF Demographics Change        Y 004 05/04             NEW
    Name: CHRISTINA PEARSON
    Phn1: 5205487890
    DOB:
    New Name/Address Sequence Number Added: 10.
05/04/21 13:38 NJF CHECKED CLIENT MEDIA       Y 004 05/04             NEW
    CCM-CHECKED CLIENT MEDIA FOR DEBTOR INFORMATION
     1 REF
    NO POE INFO
05/04/21 13:38 NJF TRN-CALLED RELATIVE-NO MSG LFT Y 004 05/04         NEW
    TRN-PHONE RELATIVE, NO MESSAGE LEFT
      7890
05/04/21 13:39 NJF TRT-CALLED RELATIVE-3RD PARTY Y 004 05/04          NEW
    TRT-PHONED RELATIVE, 3RD PARTY
      5205487890 ASKED FOR Z WOP LEFT MESS CONFIRMED ZS CELL
```

```
ALEDFWKC 08/10/21  15:37:00    Print Debtor Work Card                PAGE  2
05/04/21 13:39 NJF CHECKED TRANSUNION SEQUENCES    Y  004 05/04          NEW
    CHECKED TRANSUNION SEQUENCES
    NO S 63
05/04/21 15:05 NJF THN-PHONE HOME#, NO MSG LEFT    Y  004 05/04          NEW
    THN-PHONE HOME#, NO MESSAGE LEFT
    8668
05/04/21 15:06 NJF TH1-PHONED DEBTOR 1 AT HOME     Y  004 05/04          NEW
    TH1-PHONED DEBTOR 1 AT HOME:
    8668 id z aor hung up
05/04/21 15:06 NJF Sts Chg:NEW To HUH              Y  004 05/04          HUH
05/04/21 15:06 NJF HANG UP HOLD                    Y  004 05/11          HUH
    HUH-DEBTOR HUNG UP ON COLLECTOR...DO NOT CALL 7 DAYS
05/04/21 15:40 NSS Demographics Change             Y  004 05/11          HUH
    Addr1 Chg:1700 W PRINCE RD APT 2072 TO 2901 N SWAN RD
    ZipCd Chg:85705 TO 85712-1222
    MR Flag Chg:  TO N
    Phn2 Chg:  TO 0000000000
    Sequence# 01
05/04/21 15:40 NSS *NCOA ADDRESS UPDATED*          Y  004 05/11          HUH
     #LW="153526" #RV="153533"
    **THE ADDRESS FOR CONSUMER HAS BEEN UPDATED OR CONFIRMED**
05/07/21 05:55 HIL SCANNED MISC CORRESPONDENCE     Y  004 05/11          HUH
    ATTACHED MISCELLANEOUS DOCUMENTS TO THIS ACCOUNT,  PLEASE REVIEW
05/11/21 09:52 VCS Sts Chg:HUH To PHN              Y  004 05/11          PHN
05/11/21 09:52 VCS NO RESOLUTION                   Y  004 05/11          PHN
     #ST="HUH" #LW="153526"
    NRS-SPOKE TO DEBTOR NO RESOLUTION ON CALL
05/17/21 12:44 NJF THN-PHONE HOME#, NO MSG LEFT    Y  004 05/17          PHN
    8668
    THN-PHONE HOME#, NO MESSAGE LEFT
05/28/21 09:54 NJF TH1-PHONED DEBTOR 1 AT HOME     Y  004 05/28          PHN
    TH1-PHONED DEBTOR 1 AT HOME:
    8668 ID Z HU
06/01/21 09:46 NJF THN-PHONE HOME#, NO MSG LEFT    Y  004 06/01          PHN
    THN-PHONE HOME#, NO MESSAGE LEFT
    8668
06/09/21 13:55 NJF THN-PHONE HOME#, NO MSG LEFT    Y  004 06/09          PHN
    8668
    THN-PHONE HOME#, NO MESSAGE LEFT
07/08/21 09:05 NJF THN-PHONE HOME#, NO MSG LEFT    Y  004 07/08          PHN
    8668
    THN-PHONE HOME#, NO MESSAGE LEFT
07/15/21 09:15 NJF TH1-PHONED DEBTOR 1 AT HOME     Y  004 07/15          PHN
    TH1-PHONED DEBTOR 1 AT HOME:
    8668 ID Z HU
07/22/21 10:23 PIB THN-PHONE HOME#, NO MSG LEFT    Y  004 07/22          PHN
    THN-PHONE HOME#, NO MESSAGE LEFT
    8668
07/29/21 16:59 BJT THN-PHONE HOME#, NO MSG LEFT    Y  004 07/29          PHN
    8668
    THN-PHONE HOME#, NO MESSAGE LEFT
08/05/21 10:51 PXC COMPLIANCE DEPT REVIEW          D  004 08/05          PHN
    THE COMPLIANCE DEPARTMENT HAS REVIEWED THIS FILE
```

```
ALEDFWKC 08/10/21  15:37:00    Print Debtor Work Card                  PAGE  3
     RCVD CONSUMER DISPUTE VERIFICATION FROM TRANSUNION,
     Z1 AMANDA DISPUTES 104 FRAUDLENT CHARGES MADE ON THE ACCOUNT- REQ
     TO VERIFY ALL ACC INFO
     FCRA STATES :Times Disputed In Last 120 Days 0
     NO IMAGE ON FILE
     VERIFIED ID BALANCE AND DOCS
     d07 queued as per dispute
     LAST NAME IS DIFF
     cn NO 413823015015002
08/05/21 10:51 PXC RCVD CDV FRM TRANSUNION           D  004 08/05          PHN
08/05/21 10:51 PXC Ltr to 01 DIS/FCRA-REPEAT RQ SNT D  004 08/05 D07       PHN
08/09/21 05:39 HIL SCANNED MISC CORRESPONDENCE       D  004 08/05          PHN
     ATTACHED MISCELLANEOUS DOCUMENTS TO THIS ACCOUNT,  PLEASE REVIEW


 ** End of Report **
```

# EXHIBIT E

**CARPENTER, HAZLEWOOD,
DELGADO & BOLEN, LLP**
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282-5691
P. 480-427-2800; F. 480-427-2801
minuteentries@carpenterhazlewood.com
(Jonathan D. Ebertshauser - SBN 031689)
jonathane@carpenterhazlewood.com
(Ember Van Vranken – SBN 035594)
emberv@carpenterhazlewood.com
BRITGLOBAL.IQDATA.51
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Amanda N. Jernigan,** | **CASE NO.: 4:21-cv-00307-SHR** |
| **Plaintiff(s),** | |
| **vs.** | **CERTIFICATE OF SERVICE** |
| **IQ Data International, Inc.,** | **(Assigned to the Honorable Scott H. Rash)** |
| **Defendant.** | |

Defendant, IQ Data International, Inc., by and through undersigned counsel, certify that a copy of the Rule 11 Motion for Sanctions was served on counsel for Plaintiff, Amanda N. Jernigan, pursuant to Fed. R. Civ. P. 5 on October 4, 2021.

/ / /

/ / /

/ / /

1

Method of Service:

Via Email, US and Certified Mail to:

> Victor T. Metroff
> Sulaiman Law Group, Ltd
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> vmetroff@sulaimanlaw.com

DATED this 26th day of October, 2021.

**CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP**


By: /s/ Ember Van Vranken
     Jonathan D. Ebertshauser, Esq.
     Ember Van Vranken, Esq.
     1400 E. Southern Ave. Suite 400
     Tempe, Arizona 85282
     *Attorneys for Defendant*