IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda N Jernigan,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>IQ Data International Incorporated,<br><br>　　　　　Defendant. | No. CV-21-00307-TUC-SHR<br><br>**Order Re: Motion for Sanctions** |

　　　　Pending before the Court is Defendant I.Q. Data International, Inc's Rule 11 Motion for Sanctions (Doc. 11). Plaintiff's Counsel[1] has responded (Doc. 21) and Defendant has replied (Doc. 25).

**I.　　Background**

　　　　On July 30, 2021, Plaintiff Amanda Jernigan, through her Counsel Victor T. Metroff, filed her Complaint alleging violations of the Fair Debt Collection Practices Act. (Doc. 1.) Plaintiff alleges that in or around May 2021, she started receiving collection calls from Defendant IQ Data International Incorporated "claiming that Plaintiff owed a balance of approximately $8,000.00," she told Defendant's representative she could not make payments at that time, and she requested that the collection calls stop. Specifically, Plaintiff alleges Defendant violated 15 U.S.C. § 1692c "by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease" and violated

---

[1] On November 23, 2021, the Court granted Plaintiff's Counsel, Victor T. Metroff, Motion to Withdraw as Counsel but retained jurisdiction over Mr. Metroff "for purposes of resolving the sanctions motions against Counsel." (Doc. 24.)

§§ 1692d and 1692d(5) "when it placed at least 20 unwanted and unconsented-to collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease."

Defendant filed its Answer on August 13 (Doc. 8) and on October 8, the Court set a scheduling conference for November 19, 2021, pursuant to Federal Rule of Civil Procedure 16 (Doc. 9).  On October 25, Plaintiff's Counsel filed his Motion to Withdraw as Counsel (Doc. 10).  Two days later, Defendant filed its instant Motion for Sanctions (Doc. 11).  The Court granted Plaintiff's Counsel's Motion to Withdraw on November 23 and retained jurisdiction over Counsel for the purposes of resolving the Motion for Sanctions (Doc. 24).  The instant Motions for Sanctions became fully briefed and ripe on December 3, 2021.  (Doc. 25.)

## II. Motion for Sanctions

Defendant argues sanctions are appropriate because the allegations in Plaintiff's Complaint are baseless, as only three brief phone calls were connected between Defendant and Plaintiff, and, during each of those calls, Plaintiff did not request the calls cease.  (Doc. 12 at 2.)

Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

> investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

And, subsection (c)(1) provides:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

And, under Rule 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Such a motion must be served pursuant to Rule 5 of the Federal Rules of Civil Procedure and "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2).  If such a motion is granted, the Court may award to the prevailing party the reasonable expenses, including attorney fees, incurred for the motion.  *Id.*  Sanctions imposed under Rule 11 are limited to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and may include nonmonetary directives (e.g., an order requiring the party to cure or withdraw the offending pleading), an order to pay a penalty to the court, or an order directing the offending party to pay the moving party's reasonable attorney fees and expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4).

Defendant asserts sanctions under Rule 11 are an appropriate remedy against Plaintiff and Plaintiff's Counsel "for filing and advocating baseless proceedings" and "to deter abuses of the judicial processes."  (Doc. 12 at 3-5.)  Defendant further argues sanctions are appropriate because Plaintiff did not amend or withdraw her Complaint within the 21 days of being served a copy of the Motion for Sanctions.  (Doc. 12 at 6; Exh. E.)  Defendant seeks "appropriate sanctions in the form, inter alia, of an award of

Defendant's attorney fees and costs incurred in connection with Plaintiff's Complaint, including but not limited to the filing and argument of this Motion as well as an order requiring Plaintiff to withdraw or cure the Complaint, along with any further sanctions deemed necessary or appropriate by the Court to prevent future meritless filings from Plaintiff or her counsel." (Doc. 11 at 6.) Attached to Defendant's Motion are several exhibits, including Defendant's letter to Plaintiff's Counsel demanding dismissal of the Complaint (Doc. 11, Exh. A); a chain of emails between Defendant's Counsel and Plaintiff's Counsel concerning dismissal and the three call recordings Defendant sent to Plaintiff's Counsel (*Id.*, Exh. B); the file names of the three recordings (Exh. C); Defendant's Work Card for Plaintiff's account (*Id.*, Exh. D); and a certificate of service for the Rule 11 Sanctions Motion (*Id.*, Exh. E). Defendant asserts these exhibits demonstrate: (1) Plaintiff did not request the calls cease; (2) fewer than 20 calls were connected; and (3) Defendant identified the balance of Plaintiff's debt as $6,736.24—not $8,000, as alleged in Plaintiff's Complaint. (Doc. 11 at 3.)

Plaintiff's Counsel argues neither he nor Plaintiff violated Rule 11 because Defendant's own records demonstrate there is, at a minimum, a genuine issue of material fact as to whether Defendant's calls were placed with the intent to harass, abuse, or oppress Plaintiff, regardless of whether she requested the calls cease. (Doc. 21 p. 8.) Specifically, Plaintiff's Counsel asserts the call recordings and Work Card prove Defendant called Plaintiff multiple times and did in fact speak to Plaintiff on multiple occasions. (*Id.* at 7.) Plaintiff's Counsel argues that, based on these records produced by Defendant, the "only material fact in dispute is whether Plaintiff requested that the calls cease," and further argues that claims brought under § 1692d do not require a cease request and can be supported by call volume alone. (*Id.* at 8.) In sum, Plaintiff's Counsel contends it did not violate Rule 11 because the Work Card and recordings demonstrate that Plaintiff's claims may have evidentiary support.

Under the Fair Debt Collection Practices Act ("FDCPA"), a debt collector may not communicate with a consumer in connection with the collection of any debt, without the consumer's prior consent, "at any unusual time or place or a time or place known to be

inconvenient to the consumer," if the collector "knows the consumer is represented by an attorney with respect to such debt," or at the consumer's place of employment if the collector knows or has reason to know that the consumer's employer prohibits such communication. 15 U.S.C. § 1692c(a). Further, under § 1692c(c),

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
> 
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

The FDCPA also goes on to prohibit harassment or abuse, as 15 U.S.C. § 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Such conduct includes: "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." § 1692d(5).

As noted above, Plaintiff alleged in her Complaint that Defendant violated § 1692d(5) when it "placed at least 20 unwanted and unconsented-to collection calls." (Doc. 1 ¶ 28.) Defendant's Work Card (Doc. 11, Exh. D) shows it placed at least twelve calls to Plaintiff's cell phone and two calls to Plaintiff's relative:

- Four calls to Plaintiff's number ending in -8668 and two calls to a relative of Plaintiff whose number ends in -7890 on May 4, 2021;
- One call to -8668 on May 17;
- One call to -8668 on May 28;
- One call to -8668 on June 1;
- One call to -8668 on June 9;

- One call to -8668 on July 8;
- One call to -8668 on July 15;
- One call to -8668 on July 22; and
- One call to -8668 on July 29.

The Work Card appears to show Plaintiff hung up on the collector on May 4, May 28, and July 15. *See* Exh. C. The Work Card also contains a note stating: "Debtor Hung up on collector . . . do not call 7 days." *See id.* It appears this note was entered on May 4. However, May 11 is also a date listed on this entry and there is a note that was entered on May 11 that reads: "NRS—Spoke to Debtor no resolution on call." *See id.* Based on these notes, it is unclear, at this stage, whether Defendant called Plaintiff on May 11 and, if so, whether that call was connected. It is undisputed, however, that calls were connected on May 4, May 28, and July 15, as Defendant has disclosed the recordings of those three calls to Plaintiff's Counsel. *See* Exh. C.

Plaintiff's Counsel requested a recording for a May 11 call he believes may have occurred and Defendant insists no such recording exists and explains that the May 11 entry "NRS action code was used to indicate that the seven-day waiting period triggered by Plaintiff hanging up on the call placed by ID Data on May 4, 2021 expired." (Doc. 25 p. 2.) That is, Defendant's position is that no call was placed on May 11, but rather that the notes in the Word Card for that date are only related to Defendant updating the status of the account to reflect that the seven-day hold had expired. As noted above, it is unclear to the Court at this stage whether a call was made on May 11. This appears to be a genuine factual dispute that would likely be resolved through reasonable discovery.

As noted, the basis of Defendant's Motion is its assertion that "Plaintiff's claims materially depend[] on demonstrably false allegations" and "the only cognizable purpose for filing a Complaint with such false representations is to attempt to force [Defendant] to settle the litigation based on the inherent expenses associated with defending against the claims raised." (Doc. 11 at 5.) That is, Defendant appears to argue Plaintiff's Complaint violates subsections (b)(1) and (3). Based on the record at this stage of litigation, the Court disagrees.

First, the Court concludes there is no basis for finding Plaintiff filed her Complaint for the purpose of forcing a settlement or for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *See* Fed. R. Civ. P. 11(b)(1). Although Defendant argues the only reason for Plaintiff to file her Complaint is for an improper purpose, Defendant provides no evidence to support such a finding.

Second, based on Defendant's own records—namely, the Work Card for Plaintiff's account—the Court finds that although certain allegations in Plaintiff's Complaint ultimately may not be supported by the evidence, Plaintiff's factual contentions are generally supported by the evidence disclosed at this stage. As Defendant notes, it appears Plaintiff's specific allegations regarding the number of calls placed and the account balance are not supported by the Work Card. However, the Work Card evidence, as described above, demonstrates Defendant placed at least fourteen calls—twelve to Plaintiff's cell phone and calls to Plaintiff's relative. This evidence supports Plaintiff's claim that Defendant caused a telephone to ring repeatedly or continuously in violation of 15 U.S.C. § 1692d(5). As to Defendant's argument that the recordings from the May 4, May 28, and July 15 calls prove Plaintiff never requested that the calls cease, the Court cannot make such a finding, as neither the recordings, nor transcripts have been provided to the Court. Regardless, the Court notes that although § 1692c(c) may require a consumer to request that calls cease, § 1692d does not. Therefore, the Court does not find Plaintiff's allegations lack evidentiary support in violation of Rule 11(3).

Finally, as noted, on November 23, 2021, the Court granted Plaintiff's Counsel's Motion to Withdraw as Counsel and retained jurisdiction over him for the purposes of resolving the Rule 11 Motion for Sanctions (Doc. 24). Having resolved that Motion, the Court no longer has jurisdiction over Plaintiff's Counsel and he is released from this matter.

Accordingly,

**IT IS ORDERED** Defendant's Rule 11 Motion for Sanctions (Doc. 11) **is DENIED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall terminate Plaintiff's

former counsel, Victor T. Metroff of the Sulaiman Law Group, Ltd d/b/a Atlas Consumer Law Ltd., from this case. The Court will set a Rule 16 Scheduling Conference in a separate order.

Dated this 5th day of January, 2022.

Honorable Scott H. Rash
United States District Judge